May it please the Court, Mr. Crane. My name is Matthew Radefeld and I represent the appellant Jim Harris, Jr. in his appeal for the District Court's denial of his § 2254 petition for habeas corpus relief. To my understanding, there is a motion pending with this Court requesting that Mr. Harris be allowed to file a supplemental index that supplements the record with documents that were not in the District Court record. If the Court were to grant that motion, we will need to file paper copies with a certificate of service. I was not the originally appointed counsel on this case, but rather my former associate Michael Murphy was, and then I was appointed for the oral argument. And as I read the initial briefing in this matter some time ago, I kept thinking about what were the parties in the State Circuit Court trying to accomplish in this case at the time of Mr. Harris' plea? Wouldn't it be a worthwhile endeavor to make the final result in the appeal be the result that the parties thought that they were entering into when Mr. Harris was sentenced in his State case? Here, it is clear that the State prosecutor wanted their dangerous felony conviction, but both the prosecutor and the Court authorized Mr. Harris to serve his 15-year State sentence concurrently with his already imposed 25-year Federal sentence. Every party in the State case was fine with this versus demanding a sentence that would ultimately cause Harris to serve 40 years in prison, which was later turned into just over a 30-year sentence due to a change in Federal law. So this 40- or 30-year total sentence was a mistake and a result that was not contemplated by the parties who struck a deal and announced an open court on the record of what they believed to be a just sentence in the case, including to having the sentence run concurrently to the Federal sentence. It is equitable to make this right versus simply saying, nope, your attorney got it wrong, so now you have to deal with it. Mr. Harris' constitutional rights were violated in that his guilty plea in State court was not voluntarily, knowingly, or intelligently entered into when his plea counsel was ineffective for erroneously informing Harris that his 15-year State sentence would run concurrently with his already imposed 25-year Federal sentence and that he would be returned to Federal custody following his plea in State court. Harris also contends that the plea agreement was breached or unfulfilled based upon a mutual mistake regarding his State sentence being served concurrently with his already imposed Federal sentence. These two points are similar, but not the same. Review of the voluntariness of a guilty plea and ineffective assistance of counsel is plenary because it involves mixed questions of fact and law subject to independent review. Ineffective assistance of counsel issues are to be reviewed de novo, but the findings of the underlying predicate facts are reviewed for clear error. Counsel, can you address the argument that the State makes that he failed to properly plead the claim that you've started your argument with, the claim that his counsel was ineffective for indicating or recommending or telling him that these sentences would run concurrently? Yes, Judge. I believe the Missouri Attorney General argues that Mr. Harris had failed to properly present this claim of ineffective assistance of plea counsel by having this argument somehow buried in the fact supporting an unrelated ground for relief. However, this argument is unfounded because the facts are right there in the ground one titled plea counsel was ineffective to what Harris provided a list of how this was accurate. He utilized a form prisoners are often provided in the Department of Corrections and then added supplemental pages that clearly showed that Harris was made to believe through his plea counsel statements that the 15-year sentence would be swallowed up and that was a word that you saw often in the paperwork, but it would be swallowed up by the 25-year federal sentence if the state court judge ran it concurrent with each other, which he did. And then Harris specifically cited to the 24-035 evidentiary hearing in the legal file, which specifically shows what plea counsel believed and what was incorrectly told to Harris. Now, the district court did not acknowledge this claim. Is that is that a fair assessment of the district court's order? Absolutely, Your Honor. Not only did it say that he was procedurally barred because of failing to raise it in any sort of 24-035 capacity, which we would argue and I will state later that he in fact did, but they failed to address it. So what does that so if that at least as to that claim, what are you asking this court to do? Well, number one, to find that he did, in fact, raise that and that was that was in his ground one. And if we find let's say we were to find that, then then what would it be a remand back to the district court? Would it be is there enough here for us to assess this? I would like to say there's there's enough for you all to assess it. But if if the proper avenue of approach would be to remand this back to the district court with an order saying that Harris is not procedurally barred and set an evidentiary hearing to further develop the record in regard to whether or not plea counsel's advice about the concurrency of Harris's state and federal sentences and the impact that the advice of plea counsel had on Harris pleading guilty in the state court, we would welcome that relief. We would also like there's a couple of steps there. There's one. Did he raise it? Right. And then is there some kind of a procedural bar? Right. I don't I am not sure that we can conflate the same answer is not necessarily attached to both of those. I think. Correct. I believe. Did he raise it for the first time in the twenty two fifty four? And the answer to that is no, he didn't, because it's clear under the court of the Southern District of Missouri Court of Appeals clearly shows that his appellate counsel at that time had raised it. But the Court of Appeals in the state of Missouri had said that, well, we can't address it because you're raising it for the first time on appeal. But the problem is going back to the PCR counsel. You know, there are there are two different counsels we have to look at here. First, we have to look at the plea counsel and the plea counsel's advice and what she had instructed or advised or and which ultimately induced Harris to enter into his plea of guilty. But then also you have the PCR counsel that you have to look at that when the initial timely twenty four or three five motion was filed and there was a hearing on that. There were a lot of things brought out in that hearing, namely to show that his plea counsel had admitted that she was under the impression that the 15 year sentence would be swallowed up by the 25 year federal sentence, but also that he was in primary federal custody. And so therefore he would have gone in to serve his federal sentence right away. But under the Martinez versus Ryan exception, what we have here is a case where the PCR counsel was also insufficient in raising the points that needed to be raised in the initial twenty four or three five now to get back to Judge Kelly's question. Now, I guess there's a question as to even under under the viewpoint of sending it back down and what we would send it back down for. And you're getting at, I think, the point that she was making, which is whether it was raised is one thing. And then you have the procedural bar, which is another thing. And then you have does he prevail on the claim after an evidentiary hearing, which is yet a third step. What would we send back in your view? I mean, I don't know that we could decide the last step, which is ineffective assistance of counsel. But the second step, the procedural bar, do we know enough to be able to say that post-conviction counsel and likely trial counsel were both ineffective at this stage? And there's a substantial claim under the Martinez versus Ryan. Do we have enough on this record for us to do it versus the district court? I believe you do, your honor. I think, you know, the the plea counsel, it's it's in several different places what what she has stated, what her belief is. But then looking at just the record as a whole, as far as what the PCR counsel did. And again, that that is raised in his 2254, but not for the first time. So because it's not raised for the first time in the 2254, then therefore it's not procedurally barred. So therefore, if it's not procedurally barred. And so therefore, the district court has the ability to be able to make the decision as to whether or not the PCR counsel was, in fact, ineffective. And I think the record does reflect that the PCR counsel filed a boilerplate motion without any facts to support the claims. However, Harris Harris's claims on the issues raised here are obvious. They're substantial. And they raise a legitimate claim for ineffective assistance to counsel and not only his plea, but then ultimately at his PCR. And because Harris has met the necessary requirements under the Martinez exception and is not and thus is not procedurally barred from bringing this claim in a 2254, despite PCR counsel's failures. Now, if it is possible that if this court were to remand it back down to the district court level for a hearing to determine whether or not the the plea counsel and the PCR counsel were ineffective, then more evidence could be presented at that point, even though we believe that there has been enough evidence presented just not only in the record to show that both the plea counsel and the PCR counsel were ineffective. And. Your Honor, going back to the voluntariness aspect of his plea, which I think is is important here because a person when they when they plead guilty, they waive a lot of rights. But when the plea violates the due process clause and a guilty plea is not entered into no one is not entered into knowingly, voluntarily and intelligently, and that is when a defendant is not reasonably informed of the consequences of his plea, which includes any amount of additional jail time, a person was served that has real Sixth Amendment ramifications. And voluntariness implicates ignorance and comprehension and inducements, as well as coercion, terror and threats. And I'm bringing that up because the the attorney general does bring up the fact that this is a collateral consequence of a guilty plea, but a collateral consequence has been showed regularly to be something that's akin to having to register as a sex offender. It's not a collateral consequence for a plea agreement or even a pronounced sentence of a guilty plea to not be followed, which would more than double the amount of time in which a person was serving in prison, such as Harris. That is a direct consequence that should have been made known to him prior to his guilty plea being accepted by the circuit court. Your Honor, we believe, Your Honors, we believe that his 2254 should not have been denied by the district court and it certainly should not have been found to be procedurally barred for his failure to for these issues to have been brought up previously, because I believe we have shown in our briefs and it's shown in the fact, the this had been brought up and in Harris's reply to the respondent to show cause order. These issues weren't buried in the pleadings. Rather, it was plainly stated in his 2254 petition. And these were not just simply a story of facts from beginning to end and were not conclusory, but rather explanations for his rationale for entering into the offered plea. And if not for that, he would have gone to trial, thus satisfying the second prong of Strickland. I would like to preserve just a little bit of time. So if anybody doesn't have any questions, I'll stop at this time. All right, thank you. And Mr. Crane, we're ready to hear from you. May it please the court, to go right to Judge Strauss's question, do we know enough here on this record to answer any of this procedural substantive questions before the court? The answer is no, unless you resolve them in the state's favor. And that's because Harris's failure to plead particularized facts that support his grounds for relief mean that the only conclusion from the record can be he did not plead enough in support of his claims to merit further review under the heightened pleading standards that apply to 2254 habeas petitions. For example, if and this is a big if, if we agree with the plaintiff that Harris's claim about whether counsel advised him as to the concurrency of his federal sentence is a separate claim for relief, then in that claim for relief, Harris never pleads any particular action that trial counsel took, plea counsel took to convince him of that belief. And he never pleads that he would have insisted on going to trial, but for plea counsel's actions. And if we don't assume that it's a separate claim, that it somehow merged with the first claim, then we have to deal with the fact that in state court, Harris's allegations that he would have proceeded to trial, but for better advice of plea counsel were found specifically to be incredible after he admitted that he had lied to federal courts to get them to accept his guilty plea in other cases. The record conclusively demonstrates great reason for the state court to doubt his credibility. Credibility terminations that couldn't be disturbed by this court. So there are serious factual problems with Harris's allegations in his petition that would prevent this court from ruling on any of those issues in his favor and would prevent the district court from granting further proceedings on his claims because he does. He fails to plead essential elements of those claims. Now, counsel, I'm going to ask you, I know you're two minutes is enough, but before you switch gears on Appendix 21, the petition says plea counsel was also ineffective for causing me to believe that my 25 year federal sentence would swallow up the 15 year sentence. And then it goes on and says plea counsel was ineffective. Now, I understand that doesn't cover post-conviction counsel, but there's also a separate claim as the post-conviction counsel. I'm trying to figure out why that's not enough to meet the pleading standard. Now, we can talk about if we have enough facts or we need to set it down for an evidentiary hearing, but I just have a hard time buying the argument the pleading standard hasn't been met. Do you mean the pleading standard as to the underlying claim or the pleading standard as to cause and prejudice? Both, actually, that there's enough here between Martinez, the separate claim on Martinez, and then here with respect to plea counsel. Sure. So first, the cases show that the district court isn't required to act as the petitioner's advocate and cobble together his claims into one claim that asserts cause and prejudice through a second claim that was asserted independently. But even if the district court was required to address his claims that way, there's a few reasons that the second claim does not plead enough facts to get through the Martinez hurdle. And that's first of all, it doesn't allege any specific thing that post-conviction counsel did that was ineffective as to the underlying claim. And that's a big problem here because a claim that the underlying claim is about plea counsel's advice. Right. And plea counsel only advised Harris. And Harris is the only person who could have known about how plea counsel advised him. And yet in his pro se motion and in his pro se amended motion, he doesn't mention anything about plea counsel advising him that his federal sentence would swallow up his state sentence. That quote only comes from the post-conviction evidentiary hearing. And in context, looks like that's something that Harris already believed when he insisted on pleading guilty at that court appearance over his plea counsel's advice, who is a federal defense. Why don't we consider going to trial? But Harris insisted on pleading guilty that day over his plea counsel's advice because he was under the impression that his federal sentence would swallow up his state sentence. So the record really just bears no facts that would show plea counsel gave him incorrect advice on that issue, incorrect affirmative advice. And Harris doesn't plead that she did so. He only says she caused him to believe, but doesn't say any advice she gave him. And the only citation he makes to the record is from the post-conviction evidentiary hearing, which, of course, any statement that she made at the post-conviction evidentiary hearing could not have affected his guilty plea because it's long over by then. So he doesn't allege that fact either as to the Martinez question or to the plea counsel underlying claim question. What did his counsels do wrong as to the claims that he's raising? Those facts simply aren't in there. And they're facts that the district court would need to grant an evidentiary hearing. And he also doesn't plead facts that show he would have gone to trial, especially considering the evidence in the record, which is that his previous allegations that he would have gone to trial on a different claim were found specifically to be incredible. The motion court recounted that he that Harris was facing the possibility of life without probation or parole on a case where there's very strong evidence against him. And although this claim wasn't specifically addressed by the district court, the record would bear out in a claim where he confessed and there were highly aggravating facts. So in the face of the state court record where the motion court determined he would not have gone to trial, he has to plead facts to overcome that that aren't refuted by the record. That's just a basic element of being entitled to an evidentiary hearing or further proceedings on this claim is that he plead facts not refuted by the record that would entitle him to relief if true. Those are part of the heightened pleading standards that habeas petitioners must meet under 2254 review. So because Harris is pleading lacks those facts, these are essential to his claim. Even if this case were remanded, the only thing that the district court could do is dismiss his claim for failing to provide enough facts to proceed further. So because Harris hasn't alleged enough facts, that's the only decision that this court could come to on this record. But all of that assumes that we can move past the initial pleading deficiency, which is Rule 2C requires Harris to specify all grounds for relief, not simply state. He must state them with particularity and lay them out. And other circuits have found that that requirement means that he must lay them out in a way that can't be misunderstood by the district court. And that's simply not what happened here. Harris provided his claim at the bottom of a factual basis for another claim on an attached page. His initial petition did not make any reference to see attached pages. It did not make any reference that there were multiple grounds for relief in one page. And Harris failed to fill out the form sections that are required to set forth the claim for habeas relief. If you assume that this unpresented claim is its own ground for relief, he didn't say where he's raised it before or why he failed to do so in other situations. And Harris is clear that he raised ground one in his pro se and amended motions in the Missouri Post-Conviction Court. And the unpresented claim was not raised in those motions. So it's clear that the questions that Harris is answering about ground one do not apply to the unpresented claim. So because he's answered the facts in that order, it makes it it gives clear notice from the face of the petition that ground one is about the claim that he did preserve and present in state courts and not the claim that he didn't present in state courts. And just to clear up a discrepancy here, opposing counsel has now argued that the claim isn't procedurally defaulted because it was presented before in the state court appeal. But the question isn't whether it's ever been presented before. The question is whether the state court decision below relies on a procedural reason for denying it. And it certainly does. Below, the Missouri Court of Appeals denied this claim in the post-conviction appeal because it wasn't presented during the post-conviction motion process. They denied it solely for procedural reasons and didn't reach the merits. Under Coleman versus Thompson and this court's recent decision in Franklin versus Hawley from a year or two ago, that that's an adequate, independent and adequate state law grounds for denying the claim. So because it rests on a procedural denial below, the claim is procedurally defaulted, despite the fact that he did try to raise these kinds of allegations in his post-conviction appeal for the first time. But Harris doesn't note that his claim is procedurally defaulted in the petition. He doesn't say ground one is procedurally defaulted, but I can present cause. And here's why. There are none of those allegations. He says instead, I raised ground one in my pro se motion, my amended motion and on appeal. And it's a preserved claim. And the district court addressed it as if that's what it was. The district court said ground one is the preserved claim that he presented in the post-conviction motion court and addressed it like that was the case. And that simply can't be reversible error when the district court took the petitioner's allegations about his claim at face value and addressed them at face value. The district court can't be required to disregard the petitioner's allegations in order to make his claim better. That simply wouldn't satisfy the heightened pleading standards that apply in these actions. Was, did he have counsel at that stage of the proceedings at the post-conviction? The post-conviction motion proceedings. So he filed two pro se motions and also an amended motion through counsel. So he had he had counsel eventually. Missouri's process works where you file a pro se motion. Then counsel is appointed for you after you file your motion in every case. And then counsel files the amended motion. And what did pro se counsel do? In post-conviction? What did they do as to what respect? I'm sorry. What did they allege? Did they cure any deficiency? They. I'm sorry. He didn't plead this claim at all. The claim that's on appeal for this court was never pled in the post-conviction motion court, but he did plead other claims. So going back on direct appeal, what did he raise? There was no direct appeal because he pled guilty. OK, OK. So the first chance he had to raise this issue was at what stage in the initial post-conviction motion, he could have raised it either in his pro se motion or his amended motion. Is that the case? And what is that the point in which you mentioned before that? Did he use the language I was. I was caused to believe that my claim would be swallowed up in the state, in the federal proceeding. The first time that he alleged that was on the appeal. So he failed from the denial of his post-conviction motion. And he didn't prevail there because he should have raised it at an earlier stage. In the initial post-conviction motion. That's right. Missouri law is pretty clear that claims can't be raised. Go ahead. And he had no counsel at that time. He had counsel. So when he filed the pro se motion, he didn't have counsel. So the initial post-conviction motion. But he was appointed counsel who filed an amended motion and any claims they included in that amended motion would have been preserved. So he had counsel to present claims there. He makes no. And why didn't post-conviction counsel raise this claim? That's exactly what we're left guessing from Harris's pleading, because he doesn't say, I told my post-conviction counsel that plea counsel misadvised me as to the concurrency and he still refused to raise it. There's no allegation like that. And that allegation is necessary because post-conviction counsel couldn't have raised this claim unless Harris informs post-conviction counsel about plea counsel's advice. Post-conviction counsel can't know how plea counsel advised Harris unless Harris tells him that that's simply a claim that could not have existed without Harris asking for it to be raised. And every indication we have from the record, Harris's lack of allegations, Harris's pro se motions that are around the same time, none of them mention bad advice as to the concurrency of the federal sentence. So there's no simply no evidence that Harris asked post-conviction counsel to raise this claim specifically. And if there were that kind of evidence, perhaps the district court could or sorry, if there were that kind of allegation, the district court could order some sort of further proceedings to determine whether review would be effective. And if there were no allegations that would support review under Martinez, the district court can't simply jump past the facts of the petition and then see if the claim is procedurally defaulted and how it would pan out later. Counsel, I want to ask you, so my understanding of the record, and this gets to Judge Wallman's question, is that I think based on the record, he didn't know at the time it was on appeal on post-conviction that these were running consecutively and not concurrently. And so there would have been no way that he could have told post-conviction counsel that, hey, my plea counsel told me wrong because he didn't know his plea counsel told him wrong. So maybe I'm misunderstanding the record, but if I'm not, could you address that point? Yes, your honor. So I'm aware of that allegation being made in his federal resentencing hearing. The judge asked him, why hasn't this been worked out in Missouri's post-conviction courts? And he says, well, I didn't or his counsel says, your honor, he didn't know. But there's no mention of that in the federal habeas petition. He doesn't plead in the petition. I didn't raise this claim because I didn't know at the time. And if he did, that might be an allegation of cause. Right. But it would also be an allegation that specifically refutes the Martinez argument. If no one knew that the sentences were consecutive or concurrent, then post-conviction counsel couldn't have been ineffective if no one knew the sentences were wrong. So those are contradictory allegations of cause. But it's not clear from the record what Harris, when Harris knew, not this court's record. He may allege things in other courts about it, but he didn't put in his petition that I didn't know at the time. So left with these lack of allegations that could support Harris's lack of factual pleadings. And even if this court could move past that, there are several other problems with it. But just to address the remedy, if this court finds that he's pled enough, it should remain for the district court only to address his claims and determine whether there's enough facts to proceed further to some sort of evidentiary hearing. It wouldn't be appropriate to go ahead and order evidentiary hearing relief or deal with those issues because we have to decide the threshold question of whether there are enough facts. That's all my time. Thank you. Thank you for your argument. I think you have a bit of rebuttal. Yes, you do. We're prepared to hear from you. Thank you, Your Honors. As Judge Woolman had stated, and it was going down the path of where our argument lies, which is that the PCR counsel was ineffective. Again, these are things he was sitting in a state court or I'm sorry, a state prison. That PCR counsel should have known that his time was not running concurrent, even though it had been set on the record and everyone was still under the belief, again, it's the PCR counsel is in the same position as the trial counsel or the plea counsel in that they should have known. And there were ways for them to have known that the sentence would be consecutive just by the language that was in the federal judgment and sentence, the federal law. There are a lot of indicators here that would have told them that, no, that sentence was going to be ran consecutive, even though everybody was under the belief that it was ran concurrent. But that's true. Your argument is that's true. Even if Harris himself didn't know and didn't include the allegations in his habeas petition. Absolutely, Your Honor. Absolutely, because there's federal statutes and the judgment and sentence would have shown him that. So when you have a PCR counsel who doesn't know what they're supposed to be doing, then you have a plea counsel who originally didn't know what they were doing. But then an appellate PCR counsel comes in and goes, hey, wait a minute, this is all wrong. And so that's when it's raised for the first time. It's not equitable that he would be barred to be able to argue this and be able to go back in front of the district court and actually have an evidentiary hearing where these issues can be ferreted out. Thank you. Thank you to both counsel for your arguments this afternoon, we appreciate your willingness to appear by video and we will take the matter under advisement.